IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**MERLINDA VIGIL, Individually and in
her own right,**

      **Plaintiff,**

v.                                                      No. 1:16-cv-0160 RB/KK

**UNION PACIFIC RAILROAD COMPANY,
and GERALD R. BLOMENKAMP, JR.,**

      **Defendants.**

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** came before the Court on Defendants' Motions to Dismiss and Plaintiff's Request for Oral Argument. (Docs. 6, 10, 28.) Federal jurisdiction is based on diversity of citizenship. *See* 28 U.S.C. § 1332(a). Having considered the submissions of counsel and relevant law, the Court will **GRANT** Defendants' Motions to Dismiss and **DENY** Plaintiff's Request for Oral Argument.

**I.**     **Background**

In the Second Amended Complaint, Plaintiff alleges as follows. Andrew Vigil was employed by Defendant Union Pacific Railroad. (Doc. 1-4.) On January 2, 2015, Mr. Vigil was working near Desert Siding on the main line east of Carrizozo, New Mexico when he was run over by a Union Pacific Railroad truck operated by Defendant Gerald R. Blomenkamp, Jr., who was also employed by Defendant Union Pacific Railroad. (*Id.*) Mr. Vigil suffered serious injuries and was airlifted to a hospital in El Paso, Texas. (*Id.*) Mr. Vigil's spouse, Plaintiff

Merlinda Vigil and her family drove from their home in Laramie, Wyoming and arrived at the hospital on January 3, 2015 at 4:00 a.m. (*Id.*) Plaintiff remained with Mr. Vigil until he died on January 17, 2015. (*Id.*) Mr. Vigil is survived by Plaintiff and their two minor sons. (*Id.*)

Plaintiff and Helen Lopez, the Personal Representative on behalf of the Estate of Andrew Philip Vigil, filed the instant lawsuit against Defendant Union Pacific Railroad Company in the First Judicial District Court of the State of New Mexico ("State Court Action"). (Doc. 1-3.) Plaintiff filed the state court action on her own behalf and Ms. Lopez filed as the Personal Representative. (*Id.*) On January 20, 2016, Plaintiff and Ms. Lopez filed a First Amended Complaint adding claims against Defendant Blomenkamp. (*Id.*)

On February 17, 2016, Plaintiff and Ms. Lopez filed a Second Amended Complaint in the State Court Action. (*Id.*) In the First Claim for Relief, Ms. Lopez asserts a claim against Defendant Union Pacific Railroad pursuant to the Federal Employers' Liability Act (hereinafter "FELA"), 45 U.S.C. §§ 51–60. (*Id.*) In the Second Claim for Relief, Plaintiff asserts a claim for loss of consortium against Defendant Blomenkamp under the New Mexico Wrongful Death Act, N.M. Stat. Ann. §§ 41-2-1 through 41-2-4. (*Id.*) As her Third Claim for Relief, Plaintiff alleges that Defendant Union Pacific Railroad Company is vicariously liable for loss of consortium damages under the doctrine of respondeat superior for the claim against Defendant Blomenkamp under the New Mexico Wrongful Death Act. (*Id.*)

On March 4, 2016, Defendants removed the matter to this Court. (Docs. 1; 1-5.) On April 28, 2016, United States Magistrate Judge Kirtan Khalsa granted the parties' Stipulated Motion for Remand of the First Claim for Relief to the First Judicial District Court. (Doc. 41.) Thus, only the claims for loss of consortium brought by Plaintiff remain pending herein. (*Id.*) The Order for Remand also amended the caption to delete Ms. Lopez. (*Id.*)

Defendants move to dismiss Plaintiff's claims for loss of consortium on the grounds that FELA preempts state law claims for loss of consortium, damages for loss of consortium are not recoverable under FELA, Plaintiff is not a proper party to bring a claim under FELA or the New Mexico Wrongful Death Act, and damages for loss of consortium cannot be awarded under the New Mexico Wrongful Death Act. (Doc. 6.) In her response briefs, Plaintiff clarifies that she brings her claims under the New Mexico common law rather than FELA or the New Mexico Wrongful Death Act.[1] Plaintiff points out that not all state law causes or actions and remedies are preempted by FELA and maintains that her claims for loss of consortium are not preempted by FELA.

## II.     Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is the appropriate vehicle for seeking dismissal on preemption grounds. *See Healy v. Metro. Pier & Exposition Auth.*, 804 F.3d 836, 840 (7th Cir. 2015). To withstand a motion to dismiss, a complaint must contain sufficient allegations of fact "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiffs' amended complaint alone is legally sufficient to state a claim for which relief may be granted." *Brokers' Choice of Am., Inc. v. NBC Universal*, 757 F.3d 1125, 1135–36 (10th Cir. 2014); *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). In deciding a motion to dismiss under Rule 12(b)(6), the

---

[1] The Court declines to address the arguments concerning whether Plaintiff is a proper party to bring a claim under FELA or the New Mexico Wrongful Death Act and whether damages for loss of consortium may be awarded under the New Mexico Wrongful Death Act because such arguments are rendered moot by Plaintiff's clarifications.

Court assumes that all of the plaintiff's well-pleaded factual allegations are true and views them in the light most favorable to the plaintiff. *Iqbal*, 556 U.S. at 679; *Schwartz v. Booker*, 702 F.3d 573, 579 (10th Cir. 2012).

### III. Discussion

#### A. FELA Covers Physical Injuries to Railroad Employees Resulting From The Negligence of Railroad Employees

FELA was enacted in 1908 to provide a federal remedy for railroad workers who suffer personal injuries because of the negligence of railroad employees. *See Consol. R. Corp. v. Gottshall*, 512 U.S. 532, 542 (1994). FELA provides in pertinent part: "Every common carrier by railroad . . . shall be liable in damages to any person suffering injury while he is employed by such carrier . . . or, in the case of the death or such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee . . . for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier . . . ." 45 U.S.C. § 51. The Supreme Court has observed that the coverage of FELA is "defined in broad language, which has been construed even more broadly." *Atchison, Topeka & Santa Fe R .R. Co. v. Buell*, 480 U.S. 557, 561–62 (1987).

The Supreme Court explained that the purpose of FELA was to create a comprehensive and exclusive rule intended "to cover the subject of the liability of railroad companies to their employees injured while engaged in interstate commerce." *N.Y. Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 152 (1917) (quotation omitted). More specifically, the Supreme Court has stated that FELA "was intended to be very comprehensive, to withdraw all injuries to railroad employees in interstate commerce from the operation of various state laws, and to apply to them a national law having a uniform operation throughout all the states." *Id.* at 150. Additionally, the Supreme

4

Court emphasized that FELA is not only comprehensive but it is "also exclusive in respect of a railroad's liability for injuries suffered by its employees while engaging in interstate commerce." *N.Y. Cent. & H.R. R.R. v. Tonsellito*, 244 U.S. 360, 361 (1917) (internal quotations omitted). Congress intended that FELA would "operate uniformly in all the states as respects interstate commerce, and in that field it is both paramount and exclusive." *Id*. Most notably pertinent to the case at hand: "Congress having declared when, how far, and to whom carriers shall be liable on account of accidents in the specified class, such liability can neither be extended nor abridged by common or statutory laws of the state." *Id*. In other words, FELA creates a comprehensive, exclusive, and uniform legal regime to cover railroad employees who suffer on-the-job injuries resulting from the negligence of railroad employees.

**B.      Damages for Loss of Consortium Are Not Recoverable Under FELA**

Consistent with the interstate operations of railroads, courts "apply federal substantive law in adjudicating FELA claims." *St. Louis Sw. R. Co. v. Dickerson*, 470 U.S. 409, 411 (1985) (per curiam). Likewise, damages are determined according to federal law rather than state law. *Chesapeake & Ohio R. Co. v. Kelly*, 241 U.S. 485, 491 (1916) ("It has long been settled that 'the proper measure of damages [under FELA] is inseparably connected with the right of action,' and therefore is an issue of substance that 'must be settled according to general principles of law as administered in the Federal courts.'"); *see also Dickerson*, 470 U.S. at 411; *Norfolk & W. R. Co. v. Liepelt*, 444 U.S. 490, 493 (1980).

In a FELA action for the death of an employee brought by the personal representative for the benefit of the beneficiaries, the representative is entitled to recover such damages "as flow from the deprivation of the pecuniary benefits which the beneficiaries might have reasonably received if the deceased had not died from his injuries." *Mich. Cent. R. Co. v. Vreeland*, 227

5

U.S. 59, 71–72 (1913).  This includes both the estimated value of the decedent's earnings as well as the value of non-wage services, such as guidance and child care and the value of the decedent's services around the home.  *See Norfolk & W.R. Co. v. Holbrook*, 235 U.S. 625, 629 (1915).  Additionally, the representative is entitled to recover damages for the conscious pain and suffering of the injured person before death.  *See St. Louis, Iron Mountain & S. R.R. v. Craft*, 237 U.S. 648 (1915); *Great N. R.R. v. Capital Trust Co.*, 242 U.S. 144 (1916).  Significantly, however, the measure of damages under FELA does not include damages for the emotional distress of the decedent's relatives or for loss of consortium.  *See Tonsellito*, 244 U.S. at 361–62; *Vreeland*, 227 U.S. at 73.

It bears underscoring that for more than a century, the Supreme Court has held that FELA not only provides the exclusive remedy for the injured or deceased railroad employee, but also governs the recovery by others for damages resulting from such injury.  *Tonsellito*, 244 U.S. at 361–62; *Vreeland*, 227 U.S. at 73.  Over the past century, courts have consistently followed *Tonsellito* and *Vreeland* and held that the spouse of an injured railroad employee may not sue for loss of consortium under FELA.  *See Kelsaw v. Union Pac. R.R.*, 686 F.2d 819 (9th Cir. 1982), *cert. denied*, 459 U.S. 1207 (1983); *Jess v. Great N. R.R. Co.*, 401 F.2d 535 (9th Cir. 1968); *Sindoni v. Consol. Rail Corp.*, 4 F.Supp.2d 358, 360 (M.D. Pa. 1996); *Quitmeyer v. Se. Pa. Transp. Auth.*, 740 F. Supp. 363, 370 (E.D. Pa. 1990); *Perry v. Metro-N. Commuter R.R.*, 716 F. Supp. 61 (D. Conn. 1989); *Greethurst v. Bethlehem Steel Corp.*, 380 F. Supp. 638, 639 (N.D. Ind. 1974); *Rodzik v. N.Y. Cent. R.R. Co.*, 169 F. Supp. 803, 806 (E.D. Mich. 1959).  Undoubtedly damages for loss of consortium are not recoverable under FELA.  Plaintiff seeks to circumvent this rule by arguing that her claims for loss of consortium are distinct from the FELA claim.

**C.       Damages for Loss of Consortium Derive from the Physical Injury to Spouse**

Plaintiff seeks to overcome the weight of binding authority by arguing that her claims for loss of consortium are separate from the FELA claim for the physical injuries and death of Mr. Vigil due to the negligence of a fellow employee. In order to clarify the analysis of this argument, it is helpful to review the underlying nature of the claims at issue. In the Second Claim for relief, Plaintiff alleges that she is entitled to recover damages for loss of consortium under New Mexico law due to the negligence of Defendant Blomenkamp. In the Third Claim for relief, Plaintiff alleges that Defendant Union Pacific Railroad Company is vicariously liable for these damages under the doctrine of respondeat superior.

The New Mexico Supreme Court has recognized a common-law action for spousal loss of consortium. *See Romero v. Byers*, 872 P.2d 840, 842 (N.M. 1994). "Loss of consortium consists of several elements, encompassing not only material services but such intangibles as society, guidance, companionship, and sexual relations." *Id.* at 843 (quotation omitted). "Loss of consortium is simply the emotional distress suffered by one spouse who loses the normal company of his or her mate when the mate is physically injured due to the tortious conduct of another." *Id.*

The New Mexico Supreme Court has specifically stated that "[l]oss of consortium derives from the underlying cause of action in the physically-injured spouse." *Archer v. Roadrunner Trucking, Inc.*, 930 P.2d 1155, 1160 (N.M. 1996). As a result "[t]he damages sought in a loss-of-consortium action are consequential or special damages." *Id.* Contrary to Plaintiff's contention, the cause of action is not separate from, but rather derivative of, the spouse's physical injury. *Id.* This distinction undercuts Plaintiff's argument that her claims are separate from the FELA claim, which undoubtedly excludes damages for loss of consortium.

The crucial impact of the derivative character of loss of consortium is illustrated in *Archer*.  Therein, the New Mexico Supreme Court held that because the exclusivity provisions of the New Mexico Workers' Compensation Act would prevent the husband from bringing a negligence action against the employer, the wife's derivative claim for loss of consortium was similarly barred.  *Id.*  In other words, where the injured spouse must adhere to an exclusive compensatory legal scheme, there can be no derivative claim for loss of consortium damages by the injured employee's spouse.  *Id.*

In this case, the underlying claim for the physical injuries and death of Mr. Vigil is covered by FELA.  In the Second Amended Complaint, Plaintiff alleges that Defendant Union Pacific is a "common carrier" subject to FELA.  (Doc. 1-4.)  Plaintiff also alleges that Mr. Vigil was working in the course and scope of his employment when he suffered the physical injuries that resulted in his death.  (*Id.*)  Additionally, Plaintiff alleges that Defendant Blomenkamp was driving the Union Pacific truck in the course and scope of his employment for Defendant Union Pacific Railroad Company when the accident occurred.  (*Id.*)  Finally, Plaintiff alleges that Defendant Blomenkamp was negligent.  (*Id.*)  As a result, FELA applies to the underlying cause of action.

New Mexico law provides that Plaintiff's claims for loss of consortium derive from the underlying case of action for the physical injuries and death of Mr. Vigil.  Plaintiff's claims for loss of consortium are not separate from the underlying action.  Because her claims are derivative of the physical injuries and the death of Mr. Vigil allegedly caused by the negligence of a fellow railroad employee, the claims are preempted by FELA.

**D.     FELA Preempts Plaintiff's Claims for Loss of Consortium**

Defendants argue that FELA preempts all state law causes of actions and remedies. Defendants' argument paints with too broad a brush.  FELA generally provides the exclusive remedy for railroad employees seeking to recover for personal injury sustained in the course of employment.  *See Winfield*, 244 U.S. at 152.  The Supreme Court has held, however, that FELA applies only when the plaintiff suffers a physical injury or non-physical injury resulting from physical impact.  *Gottshall*, 512 U.S. at 555.  Therein, the Supreme Court found that an emotional injury constitutes injury resulting from an employer's negligence for purposes of FELA only if it would be compensable under the common-law zone-of-danger test.  *Id.*  Because this zone-of-danger test "limits recovery for emotional injury to those plaintiffs who sustain a physical impact as a result of a defendant's negligent conduct, or who are placed in immediate risk of physical harm by that conduct," there can be no FELA claim for emotional damages absent physical impact or threat of immediate physical harm.  *Id.* at 547–48.  In reaching this conclusion, the Supreme Court cited with approval the Seventh Circuit opinion in *Lancaster v. Norfolk and Western Railway*, 773 F.2d 807, 815 (7th Cir. 1985), which held that "FELA does not reach torts which work their harm through nonphysical means."  *Id*.  Thus, claims based on allegations of non-physical harm, i.e., claims that are not covered by FELA, are not pre-empted by FELA.

However, Plaintiff's claims for loss of consortium do not fall into this category.  These claims derive from the on-the-job physical injuries to Mr. Vigil caused by the alleged negligence of Defendant Blomenkamp, a fellow employee of Defendant Union Pacific Railroad Company. As discussed *supra* in Section III.C., Plaintiff's claims for loss of consortium are derivative of

the underlying claim for the physical injuries and death of Mr. Vigil. As a result the claims are covered and preempted by FELA.

E.     **Request for Oral Argument**

In her Request for Oral Argument on Defendants' Motions to Dismiss, Plaintiff asserts that the Court should allow her to make a claim for loss of consortium under FELA. Defendants maintain that oral argument is unnecessary and submit that Plaintiff should not be permitted to raise a new argument in her request for oral argument without obtaining the Court's permission to file a surreply as required by D.N.M. LR-Civ. 7.4(b). Subsequently, Plaintiff withdrew her new argument but not her request for oral argument.

The Court has discretion to hold oral argument. *See Geear v. Boulder Comm. Hosp.*, 844 F.2d 764, 766 (10th Cir. 1988). However, the Court finds that oral argument is unnecessary in this case given the well-established law governing the legal issues.

IV.    **Conclusion**

FELA is comprehensive and exclusive as to a railroad's liability for workplace injuries resulting from the negligence of its employees. Claims for loss of consortium are not cognizable under FELA. Plaintiff's claims for loss of consortium derive from the physical injuries to and death of Mr. Vigil. FELA preempts Plaintiff's claims for loss of consortium. Oral argument is unnecessary.

**THEREFORE,**

**IT IS ORDERED** that Defendants' Motions to Dismiss (Docs. 6, 10) are **GRANTED** and Plaintiff's Request for Oral Argument (Doc. 28) is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**